```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
AMARU MURA HASSAN BEY,                      : CASE NO. 1:11-CV-01048
                                            :
            Plaintiff,                      :
                                            :
vs.                                         : OPINION & ORDER
                                            :
STATE OF OHIO, et al.,                      :
                                            :
            Defendants.                     :
                                            :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Amaru Mura Hassan Bey filed this action under the "Zodiac Constitution", 18 U.S.C. § 241-242, 18 U.S.C. 876, 42 U.S.C. § 1983, 42 U.S.C. § 1981, the "Universal Declaration of Human Rights 1948, Rights of Indigenous Peoples 1994", the Ohio Constitution, the Declaration of Independence, the Articles of Confederation, the "Zodiac Constitution International Religious Freedom Act (1998), United States Codes of Law, International Law(s), [and] Treaty of Peace of Friendship of (1987)-(1836). ECG No. 1 at 1. He brings this action against the State of Ohio, the Child Support Enforcement Agency ("CSEA"), and CSEA Manager Bonnie M. Gust, and seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

## I. Background

The Complaint contains very few facts. Plaintiff describes himself as an "Aboriginal Indigenous Moorish-American...a descendant of Moroccans and born in America... ." ECF No. 1

at 1. He contends he is aligned and bound by the Zodiac Constitution "with all due respect and honors given to the Constitution for the United States Republic... ." ECF NO. 1 at 1.

Plaintiff alleges he received a letter from CSEA Manager Bonnie Gust ordering him to submit to DNA paternity testing. Plaintiff responded by sending her a document which he titled "Writ of Discovery Affidavit." ECF No. 1 at 2. That document challenged CSEA's authority to conduct paternity testing, and demanded that Ms. Gust respond in ten days by providing a "Certified Delegation of Authority Order" within ten days. ECF No. 1 at 2. He concludes his letter by stating that if a "Certified Delegation of Authority Order" is not received with in the time specified, his "Writ of Discovery" would become law. ECF No. 1 at 2. He sent a second Writ of Discovery, a month later. When Ms. Gust did not respond to either of these document, Plaintiff sent a "Notice of Default Judgment/Demand for a Cure" on April 28, 2011. He indicates Ms. Gust did not honor his Notice of Default and "made threaten[ing] statements to other parties of involuntary servitude regarding Petitioner and to take petitioner's DNA without verbal and/or written consent." ECF NO. 1 at 2. He contends she attempted to "violate his religious philosophy" and his Fourth and Fifth Amendment rights. ECF No. 1 at 2. He claims Ms. Gust used private information about him and "made threatening statements to [his] soul mate of involuntary servitude and invasion of privacy and property." ECF No. 1 at 2.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). A claim

lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

Plaintiff has failed to comply with the pleading requirements of Federal Civil Procedure Rule 8. The authority on which plaintiff relies (the Zodiac Constitution and the "Universal Declaration of Human Rights 1948, Rights of Indigenous Peoples 1994") are not recognized by United States federal courts as legally binding. The criminal statutes plaintiff cites (Title 18 U.S.C. §§ 241, 242, 876) simply do not provide for a civil remedy. *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003). This Court may not assume jurisdiction for a civil action under any of these sources as no private cause of actions exists. *See Id.*; Robinson *v. Overseas*

*Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994)(no civil liability exists pursuant to 18 U.S.C. § 242); *Watson v. Devlin*, 167 F.Supp. 638, 640 (E.D.Mich.1958) (no private cause of action exists under 18 U.S.C. § 241); *Willing v. Lake Orion Community Schools Bd. of Trustees*, 924 F.Supp. 815, 818 (E.D.Mich.1996). The only authority cited by Plaintiff to sue these Defendants which is recognized as a viable cause of action in a federal district court is pursuant to 42 U.S.C. §§ 1981 and 1983. Plaintiff, however, fails to successfully allege a claim under either of these statutes.

As an initial matter, Plaintiff cannot bring an action for damages against either the State of Ohio or the Child Support Enforcement Agency. The Eleventh Amendment is an absolute bar to the imposition of liability upon States and their agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

Plaintiff also fails to state a claim for relief against Ms. Gust. To establish a claim under 42 U.S.C. § 1981, Plaintiff must allege he is a member of a racial minority, Ms. Gust intended to discriminate against him on the basis of his race, and the discrimination concerned one or more of the activities enumerated in the statute. *Johnson v. Harrell*, No. 97-5257, 1998 WL 57356 (6th Cir. Feb. 2, 1998); *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). Plaintiff's Complaint appears to be premised on the assertion that he is beyond the reach of ordinary State agency and/or court jurisdiction because of his Moorish status, and Ms. Gust did not acknowledge or respond to this premise. There are no factual allegations in his Complaint that address any of the elements of a cause of action under § 1981.

Similarly, Plaintiff has not alleged facts to support a cause of action under 42 U.S.C. §1983. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting

under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Plaintiff includes a vague demand for "due process as protected by the Fourth and Fifth Amendments of the Constitution." ECF No. 1 at 3. These claims are presumably based on Ms. Gust's failure to acknowledge his "Writ of Discovery" and his "Notice of Default."

To assert a claim for denial of procedural due process, Plaintiff must plead and prove either that he was deprived of liberty or property as a result of an established state procedure that itself violates due process rights; or that the defendants deprived him of liberty or property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). Plaintiff is not challenging an established state procedure. Instead, he developed his own procedure and demanded compliance with it. Ms. Gust's refusal to acknowledge or respond to Plaintiff's demands is not a denial of due process.

Moreover, to the extent his claim is based upon alleged unauthorized acts of Ms. Gust, Plaintiff must also plead and prove that state remedies for redressing the wrong are inadequate. *Macene*, 951 F.2d at 706; *Vicory*, 721 F.2d at 1064. Ohio Revised Code §§ 3111.01 to 3111.18 set forth the procedures available to determine paternity and assess child support. Plaintiff has not claimed the state remedies are inadequate. He therefore has not stated a claim for denial of procedural due process.

Plaintiff's Fourth Amendment claim is wholly undefined and stated entirely as a legal conclusion. Although this Court recognizes that pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. 519, 520-21 (1972); *Jourdan*

*v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure up unpled allegations. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Threadbare conclusory statements such as these are not sufficient to meet the pleading standards of Rule 8. *Iqbal*, 129 S.Ct. at 1949. Plaintiff has not included any facts to suggest a basis for a Fourth Amendment claim.

## IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Dated: September 9, 2011          *s/     James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-6-